**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY MORGAN,<br><br>                    Plaintiff,<br><br>      v.<br><br>CYCLERION THERAPEUTICS, INC., ERROL DE SOUZA, PETER HECHT, STEVEN HYMAN, OLE ISACSON, and TERRANCE MCGUIRE,<br><br>                    Defendants. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Anthony Morgan ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1.      This is a stockholder action brought by Plaintiff against Cyclerion Therapeutics, Inc. ("Cyclerion" or the "Company") and the members of Cyclerion's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell substantially all of the assets comprising the Company's zagociguat (previously known as CY6463) and CY3018 programs (together, the "Purchased Assets") to a new company (as further defined below, "Buyer Parent"), formed by a

syndicate of investors led by J. Wood Capital Advisors LLC ("JWCA," and together with the remaining investors, the "Buyer Consortium"), including certain of the Company's existing shareholders[1] who collectively hold approximately 28.6% of the Company's outstanding shares (the "Proposed Transaction").

2. On May 11, 2023, Cyclerion entered into an Asset Purchase Agreement with JW Celtics Investment Corp. ("Buyer Parent") and JW Cycle Inc. ("Buyer") (the "Asset Purchase Agreement"). Pursuant to the terms of the Asset Purchase Agreement, Cyclerion will receive (i) $8.0 million at closing, plus certain employee and research and development expenses; and (ii) 10% of the issued and outstanding shares of Buyer Parent immediately following the closing of the Proposed Transaction, subject to certain protections against dilution.

3. On May 25, 2023, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that Cyclerion stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) Cyclerion's financial projections for the Purchased Assets; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor Torreya Capital, which became part of Stifel, Nicolaus & Company, Incorporated ("Stifel"); (iii) potential conflicts of interest faced by Stifel and Company insiders; and (iv) the background of the Proposed Transaction.

---

[1] The Buyer Consortium includes defendant Peter Hecht ("Hecht"), the Company's Chief Executive Officer ("CEO") and a member of the Board who owns 19.9% of the Company's outstanding shares, as well as certain funds managed by Polaris Partners ("Polaris"), an affiliate of Board member defendant Terrance McGuire ("McGuire"), which owns 1.6% of the Company's outstanding shares. Defendant Hecht and Polaris are anticipated to own approximately 7.8% and 4.0% of Buyer Parent, respectively, upon closing of the Proposed Transaction.

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Cyclerion stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5. The special meeting for Cyclerion stockholders to vote on the Proposed Transaction is currently scheduled for July 19, 2023. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Cyclerion's other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. Cyclerion's common stock trades on the Nasdaq Capital Market, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of Cyclerion common stock.

10. Defendant Cyclerion is a Massachusetts corporation, with its principal executive offices located at 245 First Street, 18th Floor, Cambridge, Massachusetts 02142. Cyclerion's shares trade on the Nasdaq Capital Market under the ticker symbol "CYCN."

11. Defendant Errol De Souza has been Chair of the Board and a director of the Company at all relevant times.

12. Defendant Hecht has been CEO and a director of the Company at all relevant times.

13. Defendant Steven Hyman has been a director of the Company at all relevant times.

14. Defendant Ole Isacson has been a director of the Company at all relevant times.

15. Defendant McGuire has been a director of the Company at all relevant times.

16. Defendants identified in paragraphs 11-15 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

17. Cyclerion is a clinical-stage biopharmaceutical company engaged in the discovering, development, and commercialization of medicines for serious central nervous system ("CNS") diseases. The Company's lead product candidate is zagociguat (previously known as CY6463), a CNS-penetrant, soluble guanylate cyclase ("sGC") stimulator that is in trials for the treatment of mitochondrial encephalomyopathy, lactic acidosis, and stroke-like episodes, as well as Alzheimer's disease with vascular pathology; and trials diagnosed with schizophrenia in adults. On March 27, 2023, the Company announced that the U.S. Food and Drug Administration granted

4

orphan drug designation to zagociguat for the treatment of mitochondrial diseases. Cyclerion is also developing (i) praliciguat, an orally administered systemic sGC stimulator, which is in studies to treat resistant hypertension and diabetic nephropathy; (ii) olinciguat, an orally administered vascular sGC stimulator that is in studies for the treatment of sickle cell disease; and (iii) CY3018, a CNS-targeted sGC stimulator that is in preclinical trial for the treatment of neuropsychiatric diseases and disorders. In addition, the Company has a license agreement with Akebia Therapeutics, Inc. for the development, manufacture, medical affairs, and commercialization of pharmaceutical products, including pharmaceutical compound, and other related products and forms.

**The Proposed Transaction**

18. On May 11, 2023, Cyclerion announced that it had entered into the Proposed Transaction, stating, in relevant part:

> CAMBRIDGE, Mass., May 11, 2023 (GLOBE NEWSWIRE) -- Cyclerion Therapeutics, Inc. (Nasdaq: CYCN) announced today that it has signed a definitive agreement with a new private company ("NewCo") to sell two of its sGC stimulator assets in exchange for cash and equity ownership. Investors in NewCo have agreed to invest $81M to develop zagociguat (previously CY6463) to treat MELAS* and other diseases associated with mitochondrial dysfunction and advance CY3018.
>
> Under the terms of the asset purchase agreement, Cyclerion will receive an $8M cash payment at closing, reimbursement for all expenses related to zagociguat and CY3018 for the period between the signing and closing of the transaction, and 10% equity ownership in NewCo that is subject to anti-dilution protection through $100M in post-money valuation. Cyclerion will also have additional future equity purchase rights in NewCo. Current Cyclerion shareholders including Invus and CEO Peter Hecht are participating in the capitalization of NewCo. They are joined in the NewCo investor syndicate by Venrock, J Wood Capital and Sanofi Ventures. The transaction is subject to approval by Cyclerion shareholders. Each of the current Cyclerion investors who are participating in the NewCo capitalization have agreed to vote their Cyclerion shares in favor of the transaction. Following the closing, NewCo will be solely responsible for all activities and expenses related to developing and commercializing zagociguat and CY3018.

> Signing of the definitive agreement triggered the previously announced $5M equity investment by CEO Peter Hecht. This investment will take place on May 19, 2023, and Hecht will receive a mix of common stock and nonvoting convertible preferred stock of Cyclerion at a minimum purchase price of $0.434 per share, subject to adjustment for any reverse stock split or similar event.
>
> "We are pleased to see our zagociguat and CY3018 assets attracting the capital and capabilities they will need to continue their development in mitochondrial and CNS diseases. Over the past 12 months, our board, management and advisors have carried out an exhaustive and thorough process to evaluate all available opportunities to maximize the value of our assets for our shareholders in this exceptionally challenging capital market while advancing potentially life-changing medicines to patients," said Errol De Souza, Chair of the Board at Cyclerion "With this transaction, we believe these compounds will receive the focus they deserve, and Cyclerion shareholders will be able to benefit from future value creation via Cyclerion's equity position in the new company without any go-forward operational or financial obligations for these programs."
>
> Stifel is acting as financial advisor to Cyclerion; Hughes Hubbard & Reed LLP is serving as legal counsel to the Board and the Company.

**The Materially Incomplete and Misleading Proxy Statement**

19.     On June 20, 2023, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC.  The Proxy Statement, which recommends that Cyclerion stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) Cyclerion's financial projections for the Purchased Assets; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor Stifel; (iii) potential conflicts of interest faced by Stifel and Company insiders; and (iv) the background of the Proposed Transaction.

*Material Misrepresentations and/or Omissions Concerning the Financial Projections for the Purchased Assets*

20.     The Proxy Statement fails to disclose material information concerning Cyclerion's financial projections for the Purchased Assets.

21. With respect to the Company's "Non-Risk-Adjusted Forecasts" and "Risk-Adjusted Forecasts" for the Purchased Assets, the Proxy Statement fails to disclose all line items underlying Unlevered Free Cash Flow.

*Material Misrepresentations and/or Omissions Concerning Stifel's Financial Analyses*

22. The Proxy Statement fails to disclose material information concerning Stifel's financial analyses.

23. With respect to Stifel's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose a quantification of: (i) the Company's terminal values; and (ii) the inputs and assumptions underlying the discount rates ranging from 21% to 23%.

*Material Misrepresentations and/or Omissions Concerning Stifel's and Company Insiders' Potential Conflicts of Interest*

24. The Proxy Statement fails to disclose material information concerning Stifel's potential conflicts of interest.

25. According to the Proxy Statement, in connection with the Proposed Transaction, Cyclerion has agreed to pay Stifel "approximately $1.3 million, substantially all of which is contingent upon the closing of the [Proposed Transaction]." Proxy Statement at 37. Yet, the Proxy Statement fails to quantify how much of Stifel's fee is contingent upon completion of the Proposed Transaction.

26. Moreover, the Proxy Statement fails to disclose the details of any services Stifel has provided to any members of the Buyer Consortium during the past two years, and the related compensation received.

27. The Proxy Statement also fails to disclose material information concerning Company insiders' potential conflicts of interest.

28. According to the Proxy Statement, defendant Hecht will become the CEO and a member of the board of directors of Buyer Parent and will resign as the Company's CEO but will remain a member of the Board upon closing of the Proposed Transaction. The Proxy Statement fails, however, to disclose whether any of the Buyer Consortium's proposals or indications of interest mentioned defendant Hecht's post-close position in the combined company following the Proposed Transaction. The Proxy Statement similarly fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between the Buyer Consortium and defendant Hecht, or any additional members of Cyclerion management, including who participated in all such communications, when they occurred and their content.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

29. The Proxy Statement fails to disclose material information concerning the background leading to the Proposed Transaction.

30. Specifically, the Proxy Statement fails to disclose whether the non-disclosure agreements the Company entered into with potential counterparties during the sale process include "don't-ask, don't-waive" standstill provisions that are still in effect and presently precluding the parties from submitting a topping bid for the Company.

31. In sum, the omission of the above-referenced information renders statements in the "Certain Prospective Financial Information," "Opinion of the Company's Financial Advisor," "Interests of Certain Persons in the Asset Sale Transaction" and "Background of the Asset Sale Transaction" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Cyclerion will be unable to make a

sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Cyclerion**

32. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

33. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Cyclerion is liable as the issuer of these statements.

34. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

35. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

36. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

37. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

38. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

39. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

40. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

41. The Individual Defendants acted as controlling persons of Cyclerion within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Cyclerion and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

42. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

43. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of

the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

44. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

45. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Cyclerion, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated:  June 26, 2023                      **ACOCELLI LAW, PLLC**

                                     By  */s/ Richard A. Acocelli*
                                               Richard A. Acocelli
                                               33 Flying Point Road, Suite 131
                                               Southampton, NY 11968
                                               Tel: (631) 204-6187
                                               Email: racocelli@acocellilaw.com

                                               *Attorneys for Plaintiff*